W. R. COOLEY and Carvel Cooley,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civil No. 1139 S.D.

United States District Court
D. South Dakota, S. D.

April 15, 1959.

M. T. Woods, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for plaintiffs.

Clinton G. Richards, U. S. Atty., and H. R. Jackson and Robert L. Jones, Asst. U. S. Attys., Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

Plaintiffs, W. R. Cooley and Carvel Cooley, brought this action against the United States under the provisions of the Federal Tort Claims Act, 28 U.S. C.A. § 1346(b), alleging that by reason of the construction of the Gavins Point Dam and Reservoir and the subsequent impounding of water, some 198.2 acres of their land were wrongfully and unlawfully flooded in February and March of 1956. The plaintiffs claimed that the flooding constituted a trespass against their land which resulted in a loss in their crop yield for the year 1956 and which rendered the Government liable to them for all injury sustained thereby.

On January 9, 1959, the United States filed a motion for summary judgment based upon certain affidavits, depositions and exhibits, which motion was heard by this court on January 19, 1959. The Government based its motion for summary judgment primarily on the contention that the flooding during February and March constituted a taking of the plaintiffs' property under the 5th Amendment to the Constitution which entitled the plaintiffs to an action for the determination of just compensation but which did not give rise to an action for trespass; and since the plaintiffs had, subsequent to the flooding, sold and conveyed the land in question together with certain other lands to the United States, the plaintiffs, therefore, had received just compensation for all damages sustained by them. We denied the Government's

motion on the ground that at that stage in the proceedings we could not determine as a matter of law that the flooding constituted a taking, and that there appeared to be genuine issues of material facts which could only be adjudicated after a trial.

The trial was held before the Court on March 4, 1959, and at the close of the plaintiffs' case, the Government renewed its contentions in the form of a motion to dismiss for all of the reasons and upon all of the grounds that it had previously urged in its motion for summary judgment, together with the further contention, originally pleaded in its answer but not argued at the hearing on the motion for summary judgment, that this court had no jurisdiction of the subject matter of this action.

■ The United States of America, being a sovereign, is, of course, immune from civil suit unless and until Congress provides otherwise. Therefore, unless the plaintiffs bring themselves under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), this court would not have jurisdiction. Section 1346(b) confers jurisdiction on this court in:

"* * * civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

However, 28 U.S.C.A. § 2680 restricts this jurisdiction by providing that Section 1346(b) "shall not apply to * * * Any claim * * * based upon the exercise or performance or the failure to exercise or perform a *discretionary* function or duty on the part of a federal agency * * * whether or not the discretion involved be abused." (Emphasis ours.) The 8th Circuit Court of Appeals in Coates v. United States, 181 F.2d 816, 19 A.L.R. 2d 840, interpreted these sections and held that where the Government over a period of twenty years in creating an avenue of waterway transportation over the Missouri River from Kansas City, Missouri, to St. Louis, Missouri, altered the channel of the river so that the annual spring rise of the river upon the plaintiff's land changed from a gradual beneficial backing up and overflow to a current which eroded and sanded the land and destroyed the crops, that such action constituted a discretionary function on the part of the Government and the court had no jurisdiction to try the action for damages based on the alleged negligence of the Government. The Court reviewed at length reports which indicate the Congressional intent in the passage of Section 2680, and we take therefrom various portions of these reports to explain our holding here. The Committee on the Judiciary of the House of Representatives in H.Rept. No. 1287 to accompany H.R. 181, an earlier bill containing the same provisions, 79th Congress, 1st Session, dated November 26, 1945, said of the "discretionary function" exception:

"This is a highly important exception, intended to preclude any possibility that the bill might be construed to authorize suit for damages against the Government growing out of an authorized activity, such as a flood-control or irrigation project, where no negligence on the part of any Government agent is shown, and the only ground for suit is the contention that the same conduct by a private individual would be tortious, or that the statute or regulation authorizing the project was invalid."

In the Memorandum for the Judiciary Committee which follows and is printed with the Hearings on the changes made in H.R. 5373 by H.R. 6463, 77th Congress, 2d Session, dated January 29, 1942,

Congress states, "It is neither desirable nor intended that * * * the propriety of a discretionary administrative act, be tested through the medium of a damage suit for tort."

While in the Coates case the plaintiff based his cause of action on the negligence of the Government in constructing navigation improvements on the Missouri River, and in the instant action the plaintiffs Cooleys base their cause of action on a trespass, there is no valid distinction between the causes of action as they relate to the limitation of jurisdiction as expressed in Section 2680. Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065; Dalehite v. United States, 346 U.S. 15, 45, 73 S.Ct. 956, 97 L.Ed. 1427. This section specifically limits the provisions of Section 1346(b), and the latter section gives this court jurisdiction over civil actions on claims against the United States for personal or property injury caused by the negligent *or* the *wrongful* act or omission of a Government employee. The Court in the Coates decision quotes with approval from an article appearing in 35 Georgetown L.J. 1, 42–43, as follows [181 F.2d 819]:

> "Inasmuch as the United States is not to be held liable hereunder for direct damages of a non-negligent character occasioned in the carrying out of an authorized public project such as flood control or irrigation work, it would seem to follow as a logical sequitur that its long standing exemption from remote and consequential damages involving a taking in connection with such activity, or in fact consequential damages flowing from any taking incident to the non-negligent performance of a public improvement should continue to be exempt from suit by virtue of Section 401(a) of the Act."

The plaintiffs contend that Hatahley v. United States, supra, decided some five years after the Coates case, to a large extent conflicts with the latter decision. They thus urge that Coates v. United States, supra, is no authority for nor binding upon us in the instant case. We are unable to agree with the plaintiffs in this contention. In Hatahley, Government agents, acting under the provisions of the Utah abandoned horse statute, confiscated and destroyed horses belonging to members of the Navajo Indian Tribe which were running free on public land. The Supreme Court held that the agents' actions were done in derogation of certain regulations prescribed in the Federal Range Code and that the court was not deprived of jurisdiction under 28 U.S.C.A. § 2680, as the acts of the Government agents were wrongful trespasses not involving discretion on their part. Thus, discretionary action was not involved in the Hatahley case.

Since 1950, the Coates decision has been followed, discussed or applied by some twenty-five courts and not once has it been criticized. See, e. g., Weinstein v. United States, 3 Cir., 244 F.2d 68, 71; National Mfg. Co. v. United States, 8 Cir., 210 F.2d 263, 278; In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771, 778. Therefore, irrespective of whether there was or was not a "taking" within the meaning of the 5th Amendment to the Constitution, this court is nonetheless deprived of jurisdiction to hear the matter because if the flooding of the Cooley property did constitute a trespass, such flooding was the result of a discretionary act on the part of the Government, which by virtue of 28 U.S.C.A. § 2680 is specifically excluded from the provisions of the Federal Tort Claims Act.

Counsel for the United States of America will prepare and submit to the Court, upon five days' notice to counsel for the plaintiffs, an appropriate judgment of dismissal.